## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **LIFE ALERT EMERGENCY RESPONSE, INC.,** | ) ) ) ) | |
| *Plaintiff,* | ) ) | **Civil Action No. 18-cv-_____** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| **EXCELSIS INVESTMENTS, INC. d/b/a STEALTH TECHNOLOGIES, INC. , HSNi, LLC, and HSN, INC.** | ) ) ) ) | |
| *Defendant.* | ) ) | |

## COMPLAINT

Plaintiff Life Alert Emergency Response, Inc. ("Life Alert"), by and through its undersigned counsel, files this Complaint against defendant Excelsis Investments, Inc., d/b/a Stealth Technologies, Inc. ("Excelsis"), HSNi, LLC, and HSN, Inc. (HSNi, LLC and HSN, Inc. being jointly referred to as "HSN" and collectively with Excelsis as "Defendants"), and alleges as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement against Defendants for their infringement of U.S. Patent Nos. D753,089 ("the '089 Patent") and D800,085 ("the '085 Patent") (collectively, the "Asserted Patents") and U.S. Copyright Registration No. TX 8-437-495.

## PARTIES

2.      Plaintiff Life Alert is a California corporation, with its corporate headquarters and principal place of business in the County of Los Angeles, California.

3.      On information and belief, Defendant Excelsis is a Delaware corporation,

with its principal place of business located at 801 West Bay Drive, Suite 470, Largo, Florida.

4.     On information and belief, Defendant HSNi, LLC is a Delaware limited liability company with its principal place of business at 1 HSN Drive, St. Petersburg, Florida.

5.     On information and belief, Defendant HSN, Inc. is a Delaware corporation with its principal place of business located at 1 HSN Drive, St. Petersburg, Florida.

## JURISDICTION AND VENUE

6.     This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq.*, and in particular, 35 U.S.C. §§ 271, 281-285, and 289, as well as under the Copyright Act, 17 U.S.C. § 101 *et seq*.

7.     This Court has original jurisdiction over the subject matter of this action under  28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over Excelsis because, on information and belief, Excelsis is incorporated in this Judicial District, has committed acts of infringement in and from this Judicial District, and continues to commit acts of infringement in and from this Judicial District.

9.     The Court has personal jurisdiction over HSNi, LLC and HSN, Inc. because, on information and belief, HSNi, LLC and HSN, Inc. are incorporated in this Judicial District amd have committed acts of infringement in and from this Judicial District.

10.     Venue is proper under 28 U.S.C. § 1400(b) in this District because, on information and belief, Excelsis, HSNi, LLC, and HSN, Inc. are incorporated and therefore deemed to reside in this District.

## **FACTS**

11.     Plaintiff Life Alert has been in the business of providing emergency medical response services and related products for seniors for over thirty years.

12.     Life Alert's products include pendants and/or telephones capable of calling emergency first responders at the push of a single button in the event of an emergency.

13.     On June 3, 2014, Plaintiff's Senior Vice President Ofer Shepher ("Shepher") filed U.S. Patent Application No. 29/492,849 ("the '849 Application"), entitled "Mobile Telephone."

14.     On April 5, 2016, the '089 Patent was issued by the United States Patent and Trademark Office ("PTO") based on the '849 Application.  A true and correct copy of the '089 Patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

15.     The '089 Patent is valid and enforceable.  The term of the '089 Patent will expire on or about April 5, 2030.

16.     The '089 Patent discloses and claims various novel and unique designs related to mobile telephones.

17.     Plaintiff Life Alert possesses all rights of recovery under the '089 Patent, as confirmed by an Exclusive License Agreement with Shepher, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

18.     On March 4, 2016, Shepher filed U.S. Patent Application No. 29/556,992 ("the '992 Application"), entitled "Mobile Telephone."

19.     On October 17, 2017, the '085 Patent was issued by the PTO based on the '992 Application.  A true and correct copy of the '085 Patent is attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

20.     The '085 Patent is valid and enforceable.  The term of the '085 Patent will expire on or about October 17, 2032.

21.     The '085 Patent discloses and claims various novel and unique designs related to mobile telephones.

22.     Plaintiff Life Alert possesses all rights of recovery under the '085 Patent, as confirmed by an Exclusive License Agreement with Shepher, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

23.     On or about March 24, 2015, Plaintiff Life Alert first published the User's Manual Life Alert HELP Pendant ("the Manual") which accompanies Life Alert's emergency medical response product when sold.

24.     The Manual is an original creative work entitled to copyright protection and is subject to Copyright Registration No. TX 8-437-495 ("the '495 Registration"), attached hereto as Exhibit C.

25.     The '495 Registration has an effective date of November 16, 2017.

26.     Upon information and belief, for all times relevant to this Complaint, Defendants have been making, using, selling, or offering to sell products covered by one or more of the designs of the Asserted Patents.  By way of example, these products include, but are not limited to, 911 Help Now Gen 2 Emergency Communicator Pendant with Two-Way Talk and Assisted-GPS ("the Product").  Defendant Excelsis has sold the Product at least through HSN, as shown by the printout of HSN's website attached as Exhibit D.

27.     On August 21, 2017, Plaintiff Life Alert wrote to Defendant HSN to notify HSN of its infringement of the '089 Patent, as shown in Exhibit E.

28.     On August 28, 2017, Defendant HSN responded to Plaintiff's August 21 letter

4

merely to identify the supplier of the Product, as shown in Exhibit F.

29.     On August 24, 2017, Plaintiff Life Alert wrote to Defendant Excelsis to notify Excelsis of its infringement of the '089 Patent, as shown in Exhibit G.  Defendant Excelsis did not respond.

30.     The Product entered into the stream of U.S. commerce through Defendants and offered for sale or sold to residents in this District does not have any substantial non-infringing uses.

## COUNT I

### Design Patent Infringement of '089 Patent – 35 U.S.C. §§ 271 and 289

31.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32.     The claim of the '089 Patent is presumed valid pursuant to 35 U.S.C. § 282.

33.     Defendants, in violation of 35 U.S.C. § 271, have been and are currently infringing, contributorily infringing, and/or inducing others to infringe the claim of the '089 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling, and/or importing into the United States, without license or authority, at least the Product, which is covered by the claimed designs of the '089 Patent.

34.     At least since August 21, 2017, Defendant HSN has willfully infringed and, upon information and belief, will continue to willfully infringe, upon the claim of the '089 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Product unless this Court enjoins Defendant HSN's infringing activities.

35.     At least since August 24, 2017, Defendant Excelsis has willfully infringed and, upon information and belief, will continue to willfully infringe, upon the claim of the '089 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Product

unless this Court enjoins Defendant Excelsis's infringing activities.

36.     As a result of Defendants' willful infringement of the '089 Patent, Plaintiff has been damaged to an extend not yet determined.

37.     Plaintiff is entitled to monetary damages adequate to compensate it for Defendants' infringement of a design patent under 35 U.S.C. §§ 284 and 289, increased damages under 35 U.S.C. § 284, and interest, costs, and attorneys' fees under 35 U.S.C. § 285.  Plaintiff is further entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## COUNT II

### Design Patent Infringement of '085 Patent – 35 U.S.C. §§ 271 and 289

38.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39.     The claim of the '085 Patent is presumed valid pursuant to 35 U.S.C. § 282.

40.     Defendants, in violation of 35 U.S.C. § 271, have been and are currently infringing, contributorily infringing, and/or inducing others to infringe the claim of the '085 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling, and/or importing into the United States, without license or authority, at least the Product, which is covered by the claimed designs of the '085 Patent.

41.     At least since the date of this Complaint, Defendants have willfully infringed and, upon information and belief, will continue to willfully infringe, upon the claim of the '085 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Product unless this Court enjoins Defendants' infringing activities.

42.     As a result of Defendants' willful infringement of the '085 Patent, Plaintiff has been damaged to an extend not yet determined.

43.     Plaintiff is entitled to monetary damages adequate to compensate it for Defendants' infringement of a design patent under 35 U.S.C. §§ 284 and 289, increased damages under 35 U.S.C. § 284, and interest, costs, and attorneys' fees under 35 U.S.C. § 285.  Plaintiff is further entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## COUNT III

### Copyright Infringement of '495 Registration – 17 U.S.C. § 501

44.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 above as if fully set forth herein.

45.     Life Alert's '495 Registration is valid and subsisting.

46.     The work represented by the '495 Registration, *i.e.*, the Manual, is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated.

47.     Defendants have had access to the Manual.

48.     Defendants have reproduced and distributed and, on information and belief, continue to reproduce and distribute, unauthorized copies of the work represented by the '495 Registration.

49.     Defendants have infringed Life Alert's copyright by reproducing the work represented by the '495 Registration and by distributing copies without license, permission, or privilege to do so.

50.     Defendants' copying and distribution of the work represented by the '495 Registration is willful and deliberate.

51.     Defendants' infringement of the work represented by the '495 Registration has caused and will cause harm to Life Alert.

52.     Defendants' copyright infringement and the threat of continuing and future infringement have caused, and will continue to cause, repeated and irreparable injuries to Life Alert.

53.     Life Alert's remedies at law are not adequate to compensate for the injuries imposed by Defendants' infringements.  Therefore, Life Alert requires an injunction prohibiting Defendants, their agents, employees, and other persons acting in conspiracy, concert, or participation with Defendants, in any manner, Life Alert's copyrights, and from inducing, aiding, causing, or contributing to such infringements by others, in violation of 17 U.S.C. § 501.

54.     As a direct and proximate result of Defendants' infringement of Life Alert's copyrights, Life Alert has also suffered certain monetary damages.

55.     Life Alert is entitled to recover from Defendants such actual damages as it can prove and all of Defendants' profits (including cost savings) gained by infringement, in accordance with 17 U.S.C. § 504(b).

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriate triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Life Alert prays for judgment in his favor and against Excelsis and HSN for the following:

(a)     A judgment that Defendants have infringed the Asserted Patents;

(b)     A decree that Defendants' infringement of the Asserted Patents was willful and deliberate;

(c)     An award to Plaintiff of damages that are adequate to fully compensate it for Defendants' infringement of the Asserted Patents, together with prejudgment interest and costs,

including enhanced damages for any willful infringement under 35 U.S.C. § 284;

(d)     An accounting and payment by Defendants to Plaintiff of all profits realized by Defendants from the unlawful acts complained of herein pursuant to 35 U.S.C. § 289;

(e)     A permanent injunction enjoining Defendants and those in active concert or participation with Defendants from infringing the Asserted Patents;

(f)     A finding that this case is exceptional and award Plaintiff its costs, reasonable attorneys' fees, and expenses in this action;

(g)     An accounting for damages arising from the infringement of the Asserted Patents by Defendants and those in privity with Defendants, including, but not limited to, those sales not presented at trial, and an award by the Court for any such sales;

(h)     A permanent injunction enjoining Defendants and those in active concert or participation with Defendants from using Life Alert's Manual or any works that are substantially similar thereto or derived therefrom;

(i)     An award to Plaintiff for damages adequate to compensate Life Alert for Defendants' acts of copyright infringement, including Life Alert's actual damages and lost profits in an amount to be established at trial;

(j)     An accounting for Defendants' profits attributable to their acts of copyright infringement;

(k)     An award to Plaintiff of the greater of three times Defendants' profits or three times any damages sustained by Life Alert, together with prejudgment interest;

(l)     An award of punitive damages to Life Alert; and

(m)     An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

PANITCH SCHWARZE BELISARIO & NADEL, LLP

Dated: <u>June 1, 2018</u>

By: <u>/s/ *John D. Simmons*</u>
    John D. Simmons (Bar No. 5996)
    Dennis J. Butler (Bar No. 5981)
    Wells Fargo Tower
    2200 Concord Pike, Suite 201
    Wilmington, DE 19803
    Telephone: (302) 394-6030
    Facsimile:   (215) 965-1331
    jsimmons@panitchlaw.com
    dbutler@panitchlaw.com

    *Attorneys for Plaintiff Life Alert Emergency Response, Inc.*