IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 18-833 (VAC) (CJB) |
| EXCELSIS INVESTMENTS, INC. d/b/a STEALTH TECHNOLOGIES, INC. HSNi, LLC and HSN, INC., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT STEALTH TECHNOLOGIES, INC.'S ANSWER TO
PLAINTIFF LIFE ALERT EMERGENCY RESPONSE, INC.'S COMPLAINT**

Defendant Stealth Technologies, Inc. f/k/a Excelsis Investments, Inc. ("Stealth"), by and

through its attorneys, hereby responds to the numbered paragraphs in the Complaint of Life Alert

Emergency Response, Inc. ("Life Alert" or "Plaintiff") as follows:

**RESPONSES TO LIFE ALERT'S ALLEGATIONS
REGARDING THE NATURE OF THE ACTION**

**Paragraph 1:**   This is an action for patent infringement against Defendants for their
infringement of U.S. Patent Nos. D753,089 ("the '089 Patent") and D800,085 ("the '085 Patent")
(collectively, the "Asserted Patents") and U.S. Copyright Registration No. TX 8-437-495.

**Answer:**  Paragraph 1 of Life Alert's Complaint contains conclusions of law to which no

response is required.   To the extent a response is required, Stealth admits that Life Alert's

Complaint is purportedly for patent infringement, regarding U.S. Patent Nos. D753,089 (the

"'089 Patent"), and D800,085 (the "'085 Patent"), and U.S. Copyright Registration No. TX 8-

437-495.

**RESPONSE TO LIFE ALERT'S ALLEGATIONS REGARDING THE PARTIES**

**Paragraph 2:**  Plaintiff Life Alert is a California corporation, with its corporate headquarters
and principal place of business in the County of Los Angeles, California.

**Answer:**  Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Life Alert's Complaint and therefore, denies the same.

**Paragraph 3:**  On information and belief, Defendant Excelsis is a Delaware corporation, with its principal place of business located at 801 West Bay Drive, Suite 470, Largo, Florida.

**Answer:**  Admitted.

**Paragraph 4:**  On information and belief, Defendant HSNi, LLC is a Delaware limited liability company with its principal place of business at 1 HSN Drive, St. Petersburg, Florida.

**Answer:**  Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Life Alert's Complaint, and therefore denies the same.

**Paragraph 5:**  On information and belief, Defendant HSN, Inc. is a Delaware corporation with its principal place of business at 1 HSN Drive, St. Petersburg, Florida .

**Answer:**  Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Life Alert's Complaint, and therefore denies the same.

## RESPONSE TO LIFE ALERT'S ALLEGATIONS REGARDING JURISDICTION AND VENUE

**Paragraph 6:**  This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq.*, and in particular, 35 U.S.C. §§ 271, 281-285, and 289, as well as under the Copyright Act, 17 U.S.C. § 101 *et seq.*

**Answer:**  Paragraph 6 contains legal conclusions to which no answer is required. Stealth admits that Plaintiff purports to bring this action under 35 U.S.C. §1 *et seq.*, and under the Copyright Act, 17 U.S.C. § 101 *et seq.*  Stealth denies the remaining allegations in paragraph 6.

**Paragraph 7:**  This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**Answer:**   Stealth does not contest subject matter jurisdiction in this court for the purposes of Life Alert's Complaint.  Stealth denies the remaining allegations in paragraph 7.

**Paragraph 8:**  This Court has personal jurisdiction over Excelsis because, on information and belief, Excelsis is incorporated in this Judicial District, has committed acts of infringement in and from this Judicial District, and continues to commit acts of infringement in and from this Judicial District.

**Answer:**   Stealth does not contest personal jurisdiction in this Judicial District for purpose of this action.  Stealth denies the remaining allegations in paragraph 8.

**Paragraph 9:**  This Court has personal jurisdiction over HSNi, LLC and HSN, Inc. because, on information and belief, HSNi, LLC and HSN, Inc. are incorporated in this Judicial District and have committed acts of infringement in and from this Judicial District.

**Answer:** Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of Life Alert's Complaint and therefore denies the same..

**Paragraph 10**:   Venue is proper under 28 U.S.C. § 1400(b) in this District because, on information and belief, Excelsis, HSNi, LLC, and HSN, Inc. are incorporated and therefore deemed to reside in this District.

**Answer:**   Stealth does not contest that venue is proper over Stealth in this Court for purposes of this action. Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of Life Alert's Complaint and therefore denies the same.

## <u>RESPONSE TO LIFE ALERT'S ALLEGATIONS REGARDING THE FACTS</u>

**Paragraph 11:**  Plaintiff Life Alert has been in the business of providing emergency medical response services and related products for seniors for over thirty years.

**Answer:**   Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Life Alert's Complaint and therefore, denies the same.

**Paragraph 12:**   Life Alert's products include pendants and/or telephones capable of calling emergency first responders at the push of a single button in the event of an emergency.

**Answer:**   Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Life Alert's Complaint and therefore, denies the same.

**Paragraph 13:**   On June 3, 2014, Plaintiff's Senior Vice President Ofer Shepher ("Shepher") filed U.S. Patent Application No. 29/492,849 ("the '849 Application"), entitled "Mobile Telephone."

**Answer:**   Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Life Alert's Complaint and therefore, denies the same.

**Paragraph 14:**   On April 5, 2016, the '089 Patent was issued by the United States Patent and Trademark Office ("PTO") based on the '849 Application.  A true and correct copy of the '089 Patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

**Answer:**   Stealth admits that Life Alert has attached to its Complaint as Exhibit A a document purporting to be a copy of the '089 Patent, which indicates on its face an issue date of April 5, 2016.  Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of Life Alert's Complaint and therefore, denies the same.

**Paragraph 15:**   The '089 Patent is valid and enforceable. The term of the '089 Patent will expire on or about April 5, 2030.

**Answer:**   Paragraph 15 contains legal conclusions to which no answer is required. Stealth denies the allegations contained in paragraph 15.

**Paragraph 16:**   The '089 Patent discloses and claims various novel and unique designs related to mobile telephones.

**Answer:**   Paragraph 16 contains legal conclusions to which no answer is required. Stealth denies the allegations contained in paragraph 16.

**Paragraph 17:**   Plaintiff Life Alert possesses all rights of recovery under the '089 Patent, as confirmed by an Exclusive License Agreement with Shepher, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

**Answer:**   Paragraph 17 contains legal conclusions to which no answer is required. Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 17, and therefore denies the same.

**Paragraph 18:**   On March 4, 2016, Shepher filed U.S. Patent Application No. 29/556,992 ("the '992 Application"), entitled "Mobile Telephone."

**Answer:**   Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Life Alert's Complaint and therefore, denies the same.

**Paragraph 19:**   On October 17, 2017, the '085 Patent was issued by the United States Patent and Trademark Office ("PTO") based on the '992 Application.  A true and correct copy of the '085 Patent is attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

**Answer:**   Stealth admits that Life Alert has attached to its Complaint as Exhibit B, a document purporting to be a copy of the '085 Patent, which indicates on its face an issue date of October 17, 2017.  Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19 of Life Alert's Complaint and therefore, denies the same.

**Paragraph 20:**   The '085 Patent is valid and enforceable. The term of the '085 Patent will expire on or about October 17, 2032.

**Answer:**   Paragraph 20 contains legal conclusions to which no answer is required. Stealth otherwise denies the allegations contained in paragraph 20.

**Paragraph 21:**   The '085 Patent discloses and claims various novel and unique designs related to mobile telephones.

**Answer:**   Paragraph 21 contains legal conclusions to which no answer is required. Stealth otherwise denies the allegations contained in paragraph 21.

**Paragraph 22:**  Plaintiff Life Alert possesses all rights of recovery under the '089 Patent, as confirmed by an Exclusive License Agreement with Shepher, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

   **Answer:**  Paragraph 22 contains legal conclusions to which no answer is required. Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22, and therefore denies the same.

**Paragraph 23:** On or about March 24, 2015, Plaintiff Life Alert first published the User's Manual Life Alert Help Pendant ("the Manual") which accompanies Life Alert's emergency medical response product when sold.

   **Answer:** Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23, and therefore denies the same.

**Paragraph 24:**  The Manual is an original creative work entitled to copyright protection and is subject to Copyright Registration No. TX 8-437-495 ("the '495 Registration"), attached hereto as Exhibit C.

   **Answer:**  Paragraph 24 contains legal conclusions to which no answer is required. Stealth admits that Life Alert has attached as Exhibit C a document purporting to be Copyright Registration No. TX 8-437-495.  Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 24 of Life Alert's Complaint, and therefore denies the same.

**Paragraph 25:**  The '495 Registration has an effective date of November 16, 2017.

   **Answer:**  Paragraph 25 contains legal conclusions to which no answer is required. Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 25 of Life Alert's Complaint, and therefore denies the same.

**Paragraph 26:**  Upon information and belief, for all times relevant to this Complaint, Defendants have been making, using, selling, or offering to sell products covered by one or more of the designs of the Asserted Patents. By way of example, these products include, but are not limited to, 911 Help Now Gen 2 Emergency Communicator Pendant with Two-Way and

Assisted-GPS ("the Product"). Defendant Excelsis has sold the Product at least through HSN, as shown by the printout of HSN's website attached as Exhibit D.

**Answer:**  Stealth admits that Life Alert has attached as Exhibit D a document that purports to be a printout of the website purportedly belonging to a named party in this action. Stealth denies the remaining allegations contained in paragraph 26 of Life Alert's Complaint.

**Paragraph 27:**  On August 21, 2017, Plaintiff Life Alert wrote to Defendant HSN to notify HSN of its infringement of the '089 Patent as shown in Exhibit E.

**Answer:**  Stealth admits that Life Alert has attached as Exhibit E a document that purports to be a communication dated August 21, 2017, between Life Alert and a named party in this action. Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 27 of Life Alert's Complaint, and therefore denies the same.

**Paragraph 28:**  On August 28, 2017, Defendant HSN responded to Plaintiff's August 21 letter merely to identify the supplier of the Product, as shown in Exhibit F.

**Answer:**  Stealth admits that Life Alert has attached as Exhibit F a document that purports to be a communication dated August 28, 2017 between Life Alert and a named party in this action. Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 28 of Life Alert's Complaint, and therefore denies the same.

**Paragraph 29:**  On August 24, 2017, Plaintiff Life Alert wrote to Defendant Excelsis to notify Excelsis of its infringement of the '089 Patent as shown in Exhibit G. Defendant Excelsis did not respond.

**Answer:**  Stealth admits that Life Alert has attached as Exhibit G a communication dated August 24, 2017 between Life Alert and Stealth. Stealth denies the remaining allegations contained in paragraph 29 of Life Alert's Complaint.

**Paragraph 30:**  The Product entered into the stream of U.S. commerce through Defendants and offered for sale or sold to residents in this District does not have any substantial non-infringing uses.

**Answer:**  Paragraph 30 contains legal conclusions to which no answer is required.

Stealth otherwise denies the allegations in Paragraph 30.

## RESPONSE TO COUNT I

**Paragraph 31:**  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

**Answer:**   In response to paragraph 31, Defendant Stealth repeats and realleges its

responses to paragraphs 1 through 30 above as if fully set forth herein.

**Paragraph 32:**  The claim of the '089 Patent is presumed valid pursuant to 35 U.S.C. § 282.

**Answer:**  Paragraph 32 contains legal conclusions to which no answer is required. Stealth

otherwise denies the allegations contained in paragraph 32 of Life Alert's Complaint.

**Paragraph 33:**   Defendants, in violation of 35 U.S.C. § 271, have been and are currently infringing, contributorily infringing, and/or inducing others to infringe the claim of the '089 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling and/or importing into the United States, without license or authority, at least the Product, which is covered by the claimed designs of the '089 Patent.

**Answer:**  Denied.

**Paragraph 34:**  At least since August 21, 2017, Defendant HSN has willfully infringed and, upon information and belief, will continue to willfully infringe, upon the claim of the '089 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Product unless this Court enjoins Defendant HSN's infringing activities.

**Answer:**  Denied.

**Paragraph 35:**  At least since August 24, 2017, Defendant Excelsis has willfully infringed and, upon information and belief, will continue to willfully infringe, upon the claim of the '089 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Product unless this Court enjoins Defendant Excelsis's infringing activities.

**Answer:**  Denied.

**Paragraph 36:**  As a result of Defendants' willful infringement of the '089 Patent, Plaintiff has been damaged to an extent not yet determined.

**Answer:**  Denied.

**Paragraph 37:**  Plaintiff is entitled to monetary damages adequate to compensate it for Defendants' infringement of a design patent under 35 U.S.C. §§ 284 and 289, increased damages under 35 U.S.C. § 284, and interest, costs, and attorneys' fees under 35 U.S.C. § 285. Plaintiff is further entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

**Answer:**  Denied.

## RESPONSE TO COUNT II

**Paragraph 38:**  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

**Answer:**   In response to paragraph 38, Defendant Stealth repeats and realleges its responses to paragraphs 1 through 37 above as if fully set forth herein.

**Paragraph 39:**  The claim of the '085 Patent is presumed valid pursuant to 35 U.S.C. § 282.

**Answer:**  Paragraph 39 contains legal conclusions to which no answer is required. Stealth otherwise denies the remaining allegations contained in paragraph 39 of Life Alert's Complaint.

**Paragraph 40:**   Defendants, in violation of 35 U.S.C. § 271, have been and are currently infringing, contributorily infringing, and/or inducing others to infringe the claim of the '085 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling and/or importing into the United States, without license or authority, at least the Product, which is covered by the claimed designs of the '085 Patent.

**Answer:**  Denied.

**Paragraph 41:**  At least since the date of this Complaint, Defendants have willfully infringed and, upon information and belief, will continue to willfully infringe, upon the claim of the '085 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Product unless this Court enjoins Defendants' infringing activities.

**Answer:**  Denied.

**Paragraph 42:**  As a result of Defendants' willful infringement of the '089 Patent, Plaintiff has been damaged to an extent not yet determined.

**Answer:**  Denied.

**Paragraph 43:**   Plaintiff is entitled to monetary damages adequate to compensate it for Defendants' infringement of a design patent under 35 U.S.C. §§ 284 and 289, increased damages

under 35 U.S.C. § 284, and interest, costs, and attorneys' fees under 35 U.S.C. § 285. Plaintiff is further entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

   **Answer:**  Denied.

## RESPONSE TO COUNT III

**Paragraph 44:**  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 above as if fully set forth herein.

   **Answer:**  In response to paragraph 44, Defendant Stealth repeats and realleges its responses to paragraphs 1 through 43 above as if fully set forth herein.

**Paragraph 45:**  Life Alert's '495 Registration is valid and subsisting.

   **Answer:**  Paragraph 45 contains legal conclusions to which no response is required. Stealth otherwise denies the remaining allegations contained in paragraph 45 of Life Alert's Complaint.

**Paragraph 46:**  The work represented by the '495 Registration, *i.e.*, the Manual, is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated.

   **Answer:**  Paragraph 46 contains legal conclusions to which no response is required. Stealth otherwise denies the remaining allegations contained in paragraph 46 of Life Alert's Complaint.

**Paragraph 47:**  Defendants have had access to the Manual.

   **Answer:**  Denied as to Defendant Stealth.  Stealth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 47 of Life Alert's Complaint, and therefore denies the same..

**Paragraph 48:**  Defendants have reproduced and distributed, and, on information and belief, continue to reproduce and distribute, unauthorized copies of the work represented by the '495 Registration.

   **Answer:**  Denied.

**Paragraph 49:**   Defendants have infringed Life Alert's copyright by reproducing the work represented by the '495 Registration and by distributing copies without license, permission, or privilege to do so.

    **Answer:**  Denied.

**Paragraph 50:**   Defendants' copying and distribution of the work represented by the '495 Registration is willful and deliberate.

    **Answer:**  Denied.

**Paragraph 51:**   Defendants' infringement of the work represented by the '495 Registration has caused and will cause harm to Life Alert.

    **Answer:**  Denied.

**Paragraph 52:**   Defendants' copyright infringement and the threat of continuing and future infringement have caused, and will continue to cause, repeated and irreparable injuries to Life Alert.

    **Answer:**  Denied.

**Paragraph 53:**   Life Alert's remedies at law are not adequate to compensate for injuries imposed by Defendants' infringements. Therefore, Life Alert requires an injunction prohibiting Defendants, their agents, employees, and other persons acting in conspiracy, concert, or participation with Defendants, in any manner, Life Alert's copyrights, and from inducing, aiding, causing, or contributing to such infringements by others, in violation of 17 U.S.C. § 501.

    **Answer:**  Denied.

**Paragraph 54:**   As a direct and proximate result of Defendants' infringement of Life Alert's copyrights, Life Alert has also suffered certain monetary damages.

    **Answer:**  Denied.

**Paragraph 54:**  Life Alert is entitled to recover from Defendants such actual damages as it can prove and all of Defendants' profits (including cost savings) gained by infringement, in accordance with 17 U.S.C. § 504(b).

    **Answer:**  Denied.

## <u>GENERAL DENIAL</u>

All remaining allegations in Life Alert's Complaint not specifically admitted are hereby

denied.  Defendant Stealth expressly reserves the right to amend and/or supplement its answer.

## RESPONSE TO LIFE ALERT'S PRAYER FOR RELIEF

Defendant Stealth further denies that Plaintiff Life Alert is entitled to any of the relief sought in paragraphs (a) through (m) of Life Alert's Prayer for Relief, or any other relief in this action.  Life Alert's demand for attorneys' fees and costs should be denied in its entirety, with prejudice.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer, and without admitting any allegations of the Complaint not expressly admitted, Defendants assert the following separate defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest with Plaintiff.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

The claims of the '089, and '085 patents are invalid and/or unenforceable for failure to satisfy the requirements of Title 35 of the United States Code, including, without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or double patenting.

## THIRD SEPARATE DEFENSE

Stealth has not directly or indirectly infringed any valid claim of the '089 or '085 patents.

## FOURTH SEPARATE DEFENSE

Life Alert's purported copyright registrations are invalid as lacking originality, and as containing only ideas and other unprotectable elements in contravention of 17 U.S.C. § 102(b) and/or the *scènes à faire* doctrine.  Life Alert does not have a copyright in the asserted works.

## FIFTH SEPARATE DEFENSE

Stealth has not infringed, and does not infringe, any valid copyright registration of Life Alert, either directly or indirectly.

## SIXTH SEPARATE DEFENSE

Assuming arguendo that Life Alert has stated a valid claim for copyright infringement, any use of Plaintiff's work by Stealth was a fair use.

## SEVENTH SEPARATE DEFENSE

Life Alert has not sustained any damage and has suffered no harm as a result of Stealth's actions and therefore lacks standing to pursue these claims under Article III of the Constitution.

## EIGHTH SEPARATE DEFENSE

Stealth reserves all defenses, at law or equity, which may now exist or in the future be available on discovery and further factual investigation in this case.

## SEPARATE ADDITIONAL DEFENSES

Defendant Stealth reserves the right to assert additional affirmative defenses during or upon completion of discovery.

OF COUNSEL:

Steven J. Rizzi
Ramy E. Hanna (#5494)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
(212) 682-7474

Adam R. Alaee
FOLEY & LARDNER LLP
100 N. Tampa Street; Suite 2700
Tampa, FL 33602
(813) 225-4106

*Attorneys for Defendant Stealth Technologies, Inc.*

August 13, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 13, 2018 upon the following in the manner indicated:

John S. Simmons, Esquire                                    *VIA ELECTRONIC MAIL*
Dennis J. Butler, Esquire
PANITCH SCHWARZE BELISARIO & NADEL, LLP
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE  19803
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)